[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter came to the court on August 11, 1998. Both parties appeared by counsel, and a trial was conducted on September 8, 1999.
It is hard to imagine a matter which could lead to harsher results for good decent people under equity and equitable distribution than the instant case.
Despite the testimony concerning the ups and downs in the fifty-one year marriage, this court was impressed with the basic decency of the parties. Working and struggling for their mutual welfare and the development of their family motivated both parties for many years.
Now, as age takes its toll on the relationship and the parties, the court is required to equitably distribute resources which could barely provide comfort for the parties when together and can clearly not do so when the parties are apart.
The nature and extent of the plaintiff's needs and inability to provide for those needs on her own provide a harsh result for the defendant; unfortunately, a result that will deprive him of the golden years' comfort his life earned.
Having fully heard the parties, the court makes the following findings of fact. CT Page 12575
1. The parties intermarried at Bridgeport in September, 1947.
2. Seven children were issue of the marriage.
3. There are no minor children issue of the marriage.
4. On February 18, 1999, Cutsumpas, J., appointed Janice Laliberte as guardian ad litem for the plaintiff in response to plaintiff's motion (docket entry number 106.50).
5. The marriage of the parties has broken down irretrievably.
6. No fault for the breakdown was proven by either party.
7. The parties each have an equitable interest in real property known as 4 Taft Street, Stratford, CT.
8. The parties each have an equitable interest in real property known as 19 Wooster Street, Stratford, CT.
9. The defendant has net income, from Social Security, pension and part time employment, in the amount of $428.00 weekly.
10. The plaintiff has net income, from Social Security, in the amount of $109.56 weekly.
11. The plaintiff may be entitled to a larger Social Security payment based on the defendant's benefit level.
12. The plaintiff does receive an Aid to Families with Dependant Children (AFDC) payment in her role as guardian for her great grandchild, Terron.
13. The AFDC payment is for the sole benefit of Terron and is not subject to the jurisdiction of this court.
14. The plaintiff suffers from significant physical limitations caused by illness.
15. The plaintiff suffers from psychiatric illness which causes sporadic need for intervention and periods of disability.
16. The defendant is in reasonably good health. CT Page 12576
17. The plaintiff has no earning capacity.
18. The defendant has a net earning capacity of $80.00 per week.
Having evaluated all statutory criteria and the equities of the matter before the court, the court issues the following orders.
1. There is the requisite jurisdiction, and a decree of dissolution of marriage shall enter on the ground of irretrievable breakdown of the marriage.
2. The defendant shall pay to the plaintiff the sum of $100.00 per week as alimony.
3. The defendant shall have complete ownership of 19 Wooster Street, Stratford, Connecticut, and shall be responsible for all liabilities on said property.
4. The defendant shall hold the plaintiff harmless for any and all claims, past, present or future, arising out of the ownership of 19 Wooster Street, Stratford, Connecticut.
5. The defendant shall pay to the plaintiff the sum of Twenty Thousand ($20,000) Dollars for her equitable interest in the property known as 4 Taft Street, Stratford, Connecticut, within one hundred eighty (180) days from the date hereof, however, in no event earlier than ninety (90) days from the date of this decision.
6. The defendant shall be responsible for Chase Mastercard, Sears and Firestone liabilities as reflected on his affidavit and shall hold the plaintiff harmless from any claims arising as a result of these obligations.
7. The defendant shall hold the plaintiff harmless from any claims, past, present or future, arising out of the ownership of 4 Taft Avenue, Stratford, Connecticut.
8. The defendant shall, within twenty-five (25) days of this decision, execute the documents necessary to grant the plaintiff the maximum available survivorship interest in his pension.
9. Other than the documents necessary to secure the Twenty CT Page 12577 Thousand ($20,000) dollar borrowing which may be required by paragraph 5 above (only to be permitted to carry a maximum of 11.5% interest, based on a thirty year amortization), the defendant may not alienate his interest in 4 Taft Street, Stratford, Connecticut, while there is an alimony obligation due to the plaintiff.
10. The defendant shall immediately grant a lien on 4 Taft Avenue in the amount of Twenty Thousand ($20,000) Dollars in favor of the plaintiff (said lien to be subordinated to the mortgage provided for in paragraph 9 above) to secure his alimony obligation until such time as said alimony obligation ends.
11. The plaintiff's birth name, Hester Trippett, is restored.
Judgment shall enter in accordance with the above findings and orders.
BRENNAN, JR., JUDGE